UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JUAN MEDRANO-PIZARRO and ANNA FLATTAU,            Civil Action

                              Plaintiff,            Case No.:

                -against-

SHOP-RITE SUPERMARKETS, INC.,            **NOTICE OF REMOVAL**

                            Defendant.
------------------------------------------------------------------X

      Defendant, SHOP-RITE SUPERMARKETS, INC. ("SHOP-RITE") by their attorneys, FISHMAN MCINTYRE BERKELEY LEVINE SAMANSKY, P.C., respectfully petition the United States District Court, Southern District of New York, upon information and belief, as follows:

      1.    This case was originally commenced on or about August 26, 2020 in the Supreme Court of the State of New York, County of Westchester. The suit is identified in the Supreme Court as *Juan Medrano-Pizarro and Anna Flattau v Shop-Rite Supermarkets Inc.*, Index Number *59257/2020E*. A true copy of plaintiff's Summons and Verified Complaint is cumulatively annexed hereto as **Exhibit A**.

      2.    SHOP-RITE first received notice of plaintiff's summons and complaint on or about September 3, 2020. See **Exhibit B.**

      3.    The grounds for removal are based on the original jurisdiction of this Court under 28 U.S.C. § 1332, which allows this court to hear matters based on diversity of citizenship of the parties. SHOP-RITE filed an answer to the plaintiff's complaint in the Supreme Court, the State of New York, County of Westchester on October 28, 2020. A true copy is annexed hereto as **Exhibit C.**

      4.    The Plaintiff's Complaint in the Supreme Court of the State of New York, County of

1

Westchester, asserts monetary damages relating to personal injuries in a non-specified amount. However, Plaintiff specifically claims that as a result of the incident complained of therein, the plaintiff "was caused to sustain severe injuries to various parts of his body; that he suffered and will continue to suffer for some time to come, great pain and anguish in the body and mind; that he received the necessary hospital care and attention, and will continue to receive medical treatment for which expenses have, are and will continue to be incurred; and, that as a result of the injuries sustained, he may in the future require further hospitalization, medical care and attention; and, that he has been unable to return to his usual activities; and, that upon information and belief, his injuries are permanent and disabling in nature." (*See* "**Exhibit A,** plaintiff's complaint, paragraph 19).

5. At or about the time SHOP-RITE filed an answer to plaintiff's complaint, SHOP-RITE served upon the plaintiff a number of discovery demands, including a demand for a supplemental statement of damages pursuant to C.P.L.R. 3017, as well as a request to admit.

6. By way of "Response to combined discovery demands" served by plaintiff upon the office of the undersigned – via regular mail - on December 30, 2020 (and dated the same) plaintiffs' demand damages in the amount of "Ten Million Dollars ($10,000,000.)" See "Plaintiffs' response to demand for damages", contained within plaintiffs' "Response to combined discovery demands", at page 4, cumulatively annexed hereto as **Exhibit "D"**.

7. Based upon the foregoing, there can be no doubt that the amount in controversy herein exceeds $75,000.00, exclusive of interest and costs. Indeed, plaintiff has claimed damages of over 100-fold such jurisdictional threshold!

8. In addition, this notice of removal is filed within 30 days of plaintiff's damage disclosure served on SHOP-RITE'S counsel office via mail on December 30, 2020.

9. At or about the same time SHOP-RITE served its initial discovery demands upon plaintiff, SHOP-RITE also served on plaintiff a request to admit. A true copy of said request is attached hereto as **Exhibit "E."** Included within plaintiffs' Response to combined discovery demands (**Exhibit D**) is plaintiffs' response to said request to admit. Said request to admit sought to have the plaintiff admit, that as of the time the incident which forms the basis of this within action occurred, that is, the date plaintiffs' cause of action arose, plaintiffs were citizens of the State of New York. By way of response to combined discovery demands, plaintiffs admitted to being citizens of the State of New York. (See **Exhibit D**, page 6). Moreover, in plaintiffs' summons and complaint, plaintiffs allege they reside in Westchester County. (See **Exhibit A**, paragraph 1). Thus, plaintiffs were citizens of the State of New York as of the time the instant cause of action arose.

10. SHOP-RITE is a corporation, incorporated in the State of New Jersey, with its principal place of business in Keasbey, New Jersey. (See **Exhibit "F"** attached hereto).

11. Based upon the foregoing, diversity of citizenship exists. Plaintiffs are citizens of the State of New York. On the other hand, SHOP-RITE is a foreign business corporation, incorporated in the State of New Jersey and having its principal place of business in New Jersey. Therefore, this action is between citizens of the State of New York (plaintiffs) and a corporation other than New York, the Defendant, SHOP-RITE.

12. Written notice of the filing of this Notice of Removal has been given to all parties in accordance with 28 U.S.C. §1446(d), as evidenced in the annexed Certificate of Service.

13. Promptly after filing this Notice with the Court and the assignment of a civil docket number 59257/2020E, a copy of this Notice will be filed with the Supreme Court of the State of New York, County of Westchester, in accordance with 28 U.S.C. §1446(d).

**WHEREFORE** Petitioner, SHOP-RITE SUPERMARKETS, INC., defendant in the action described herein now pending the Supreme Court of the State of New York, County of Westchester, under Index No. *59257/2020E*, prays that this action be removed therefrom to this Honorable Court.

Dated: New York, New York
    January 19, 2021

Yours, etc.

_____
Mitchell B. Levine, Esq.
FISHMAN McINTYRE BERKELEY
 LEVINE SAMANSKY, P.C.
*Attorneys for Defendant*
**SHOP-RITE SUPERMARKETS, INC**
521 Fifth Avenue, 17th Floor
New York, New York 10175
T: (212) 461-7190
File No.: RSI-146

TO:   Matthew R. Jaeger, Esq.
    Petrocelli & Christy, LLP
    170 Old Country Road, Suite 611
    Mineola, New York 11501
    516-746-4000
    Your File No.: 7120 PI
    *Attorneys for Plaintiff*

JUAN MEDRANO-PIZARRO V SHOP-RITE SUPERMARKETS, INC.
SDNY CASE NO.:

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK     )

**BETTY ANN SALIERNO**, being duly sworn deposes and says:

I am not a party to this action. I am over eighteen years of age and I am employed by FISHMAN McINTYRE BERKELEY LEVINE SAMANSKY, P.C., 521 Fifth Avenue, 17th Floor, New York, New York 10175.

On **January 19, 2021**, I served the within, **NOTICE OF REMOVAL, RULE 7.1 STATEMENT AND CIVIL COVER SHEET, VIA ECF, and** by depositing a true copy thereof in a post-paid wrapper in an official depository under the exclusive care and custody of the United States Postal Service within New York, addressed to each of the attorneys listed below, at their designated or last known addresses set forth below their names:

TO:     Matthew R. Jaeger, Esq.
        Petrocelli & Christy, LLP
        170 Old Country Road, Suite 611
        Mineola, New York 11501
        516-746-4000
        Your File No.: 7120 PI
        *Attorneys for Plaintiff*

                                                              _____
                                                              BETTY ANN SALIERNO

Sworn to before me this
19th day of January, 2021

_____
MITCHELL B. LEVINE
Notary Public, State of New York
No. 02LE6211316
Qualified in New York County
Commission Expires: 9/14/21